ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5066
Christopher.Jeu@usdoj.gov

Attorneys for Federal Defendants
U.S. Postal Service and
Louis DeJoy, Postmaster General

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JURGEN ROGERS, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **FEDERAL DEFENDANTS'** |
| UNITED STATES POSTAL SERVICE; AND LOUIS DEJOY, POSTMASTER GENERAL; AND DOES 1–20, INCLUSIVE, | **NOTICE OF REMOVAL** |
| Defendants. | |

TO:   United States District Court for the Northern District of California

| | |
|---|---|
| Clerk, Superior Court of California County of Marin<br>Marin County Superior Court<br>Hall of Justice<br>3501 Civic Center Drive<br>San Rafael, CA 94903<br><br>Mailing Address:<br>Marin County Superior Court<br>P.O. Box 4988<br>San Rafael, CA 94913<br>Tel: (415) 444-7000 | Gary S. Saunders<br>SAUNDERS & ASSOCIATES, APC<br>610 Newport Center Drive, Suite 250<br>Newport Beach, CA 92660-2517<br>Tel: (949) 590-8585<br>Email: litigation@saundersapc.com<br>gary@saundersapc.com<br><br>*Counsel for Plaintiff Jurgen Rogers* |

NOTICE OF REMOVAL
CASE NO.                                1

     PLEASE TAKE NOTICE that Federal Defendants hereby remove to the United States District Court for the Northern District of California the state court action filed in the Superior Court of California for the County of Marin, under Case No. CV0004043, pursuant to 28 U.S.C §§ 1339 and 1442(a)(1), 28 U.S.C. § 2679(d)(2), and 39 U.S.C. § 409(a).  The grounds for this removal are as follows:

     1.     On September 23, 2024, Plaintiff Jurgen Rogers ("Plaintiff") filed a Complaint against the United States Postal Service and Louis DeJoy, Postmaster General, in the Marin County Superior Court, Case No. CV0004043.  The United States Postal Service ("USPS") is a federal agency of the United States of America.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.  The materials attached as Exhibit A constitute the only process, pleadings, or orders that have been received to date.  *See* 28 U.S.C. § 1446(a).

     2.     In the State Court Complaint, Plaintiff alleges that in San Rafael, an unspecified USPS mail carrier "failed to deliver Plaintiff's mail in a consistent, timely, and non-hostile manner."  Compl. ¶¶ 1, 11, 37.  Plaintiff further alleges that the unnamed USPS employee's "conduct was entirely unprofessional and negligent in fulfilling the responsibilities of a federal employee in delivering the mail."  *Id*.  Plaintiff's Complaint includes, *inter alia*, a cause of action for negligent infliction of emotional distress.  *Id*. ¶¶ 33–41.  Accordingly, Plaintiff alleges that the USPS negligently delivered his mail.  Plaintiff seeks monetary damages.  *See id*. at Prayer for Relief (seeking, *e.g.*, "compensatory, special, and general damages").

     3.     On or about December 2, 2024, the U.S. Postal Service received a copy of the Summons and Complaint.  Plaintiff has not served the United States Attorney's Office with the Summons and Complaint.  Likewise, the Attorney General of the United States in Washington, D.C. does not appear to have been served with the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(i)(1)(B).

     4.     This action is removable to the federal district court pursuant to the Federal Torts Claims Act ("FTCA"), because this action is against a federal agency and sounds in negligence.  The FTCA "waives the sovereign immunity of the United States for actions in tort" and "vests the federal district

courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Under the FTCA, the United States has the right to remove "at any time before trial." 28 U.S.C. § 2679(d)(2). *See Perez v. Consol. Tribal Health Project, Inc.*, No. 12-cv-5403-SC, 2013 WL 1191242, at *2 n.3 (N.D. Cal. Mar. 21, 2013) (same). *Cf. Le v. United States*, No. 07-cv-0039-ST, 2007 WL 1541752, at *1 (D. Or. May 22, 2007) (removal of action against agency after 30 days proper without Attorney General certification, as plaintiff did not identify the individual employee).

5.  Upon removal, the United States is automatically substituted for Defendants USPS and Louis DeJoy. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming district court's dismissal of complaint as improperly filed against the Postal Service and the Postmaster General); *Thompson v. U.S. Postal Serv.*, No. 12-cv-0301-PJH, 2012 WL 3583134, at *3 (N.D. Cal. Aug. 20, 2012) (substituting the United States for the Postal Service because "the United States is the only proper defendant in an FTCA action.").

6.  This action is also removable to federal district court pursuant to 28 U.S.C. § 1442(a)(1) because Plaintiff has sued a federal agency, the United States Postal Service. In suing the Federal Defendant, Plaintiff is suing "any agency" of the United States. 28 U.S.C. § 1442(a)(1).

7.  In addition, a civil action in state court seeking damages from a federal agency may be removed to federal court provided that the defendant has a colorable federal defense or can otherwise articulate a connection between the performance of his or her duties and the acts or omissions alleged. *See* 28 U.S.C. § 1442. Actions against federal agencies or officers are considered "exceptional . . . [u]nder the federal officer removal statute, [because] suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). Section 1442 is broadly construed to favor removal in the case of actions against federal agencies or officers. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252–53 (9th Cir. 2006). For example, "a federal officer or agency defendant can unilaterally remove a case under section 1442." *Id*. at 1253. A broad interpretation furthers one of the key purposes of the statute: to provide a federal agency that has been

sued in state court for acts done in the name of the federal government with an opportunity to have the validity of defenses based on federal law heard in a federal court. *See Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969).

8.  A federal defendant removing under Section 1442 must demonstrate three things: that it is a "person" within the meaning of the statute; that there is a "causal nexus" between its actions and plaintiff's claims; and that it can assert a "colorable federal defense." *Durham*, 445 F.3d at 1251 (citing *Jefferson Cnty.*, 527 U.S. at 431; *Mesa v. California*, 489 U.S. 121, 124–25, 131–35 (1989)). The third requirement is interpreted broadly so that the validity of the defense may be tried in federal court. *See Jefferson Cnty*, 527 U.S. at 431.

9.  Here, the Federal Defendants have met the three-part test for removal set forth in *Durham*. *First*, the Federal Defendants include an "agency" of the United States under the statute: Plaintiff asserts that the United States Postal Service failed to properly deliver his mail. Compl. at ¶¶ 11, 37. *Second*, there is a "causal nexus" between the Federal Defendants' actions and Plaintiff's claims: Plaintiff has alleged that USPS failed to properly deliver his mail. *Id*. at ¶¶ 11, 12, 13, 37. *Third*, the Federal Defendants can assert colorable federal defenses, including: (1) that Plaintiff has not alleged in the Complaint that he exhausted administrative remedies, as required to establish subject matter jurisdiction under the FTCA, *see, e.g., Brumfield v. Dep't of Veteran Affairs*, No. 14-cv-4647-JSC, 2015 WL 294380, at *4 (N.D. Cal. Jan. 22, 2015); and (2) that Plaintiff's negligence claim falls within the postal-matter exception to the FTCA. 28 U.S.C. § 2680(b). Here, Federal Defendant has met the three-part test for removal set forth in *Durham*.

10. In addition, the Postal Reform Act makes it clear that any case brought against the Postal Service in state court may be removed to federal district court. 39 U.S.C. § 409(a) ("Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.").

11. Pursuant to Civil L.R. 3-2(c) and Civil L.R. 3-2(d), assignment to the San Francisco or

Oakland Division of the United States District Court for the Northern District of California is proper, since a substantial part of the events took place in the Marin County.

12. A copy of this Notice of Removal is being filed with the Clerk of the Marin County Superior Court. This filing will automatically effect the removal action described above in its entirety to this Court for all future proceedings pursuant to 28 U.S.C. § 1446(d).

13. All pending court dates in Marin County Superior Court should be automatically vacated upon the filing of this Notice of Removal.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: December 31, 2024      By:    */s/ Christopher F. Jeu*
Christopher F. Jeu
Assistant United States Attorney
Attorneys for Federal Defendants
United States Postal Service and
Louis DeJoy, Postmaster General

NOTICE OF REMOVAL
CASE NO.                                    5