UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JURGEN ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL OFFICE, et al.,<br><br>    Defendants. | Case No. 24-cv-09519-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED**<br><br>Re: Dkt. No. 6 |

Before the Court is Defendants' motion to dismiss. Dkt. No. 6. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

**I. BACKGROUND**

On September 23, 2024, Plaintiff Jurgen Rogers filed this case against Defendants United States Postal Service ("USPS") and Louis DeJoy, former Postmaster General of the United States ("Defendants"), in Marin County Superior Court, asserting various claims under the Federal Tort Claims Act (FTCA). Dkt. No. 1-1 ("Compl.").[1]

Plaintiff alleges that over an unspecified period of time, his mailman "deliberately and systematically" refused to properly deliver his mail and harassed him using "defamatory and

---

[1] Defendants argue that the complaint should be dismissed because USPS and Louis DeJoy are not proper Defendants, as the United States is the only proper defendant in an FTCA action. *See* Mot. at 5–6 (citing *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998)). But given that Plaintiff's complaint describes "Defendant United States of America" as a party and acknowledges that USPS may not be named as a defendant, *see* Compl. ¶ 2, and Plaintiff's opposition concedes that "[n]o relief is sought against the USPS or the Postmaster General personally," *see* Opp. at 6, the Court construes the complaint as filed against the United States as the sole Defendant. And any amended complaint should substitute the United States as the named Defendant.

derogatory language." Compl. ¶ 11. Plaintiff also alleges that on or about June 20, 2023, an altercation occurred between himself and the mailman. *Id*. ¶ 13. According to Plaintiff, he approached the mailman, and while recording a video of the conversation, Plaintiff asked for his mail, then accused the mailman of not "delivering the mail everyday." *Id*. Plaintiff alleges that in response, the mailman refused to deliver his mail, then walked back to his truck while calling Plaintiff several profane names. *Id*. Plaintiff alleges that he then approached the mailman, who was now sitting in his mail truck, and that the mailman attempted to slam the truck door shut on Plaintiff. *Id*. ¶¶ 14–15. After Plaintiff reached out to prevent the truck door from closing, the mailman allegedly threatened and mocked Plaintiff before he drove away with Plaintiff's mail. *Id*.

Based on these allegations, Plaintiff brings causes of action under the FTCA for intentional and negligent infliction of emotional distress, harassment, assault, trespass to chattels, violations of 18 U.S.C § 1701 (Obstruction of mails) and § 1703 (Delay or destruction of mail or newspapers), and violation of California Civil Code § 52.1 (Tom Bane Civil Rights Act). *See* Compl. ¶¶ 22–92.

Defendants removed the case in December 2024 on the grounds that federal district courts have exclusive jurisdiction over FTCA claims. *See* Dkt. No. 1. In January 2025, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 6 ("Mot.").[2] After Plaintiff failed to timely file a response to the motion, the Court issued two orders to show cause as to why the case should not be dismissed for failure to prosecute. *See* Dkt Nos. 13, 14. Plaintiff's counsel eventually responded to the second order, and the Court discharged the orders to show cause. Dkt. No. 16. However, Plaintiff then missed another deadline to respond to the motion to dismiss. Dkt. No. 21. After the Court extended the deadline to respond for a final time, Plaintiff submitted an opposition in April 2025. *See* Dkt. Nos. 23, 24.

## II. LEGAL STANDARD

### A. Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the

---

[2] For ease of reference, the Court refers to the PDF pages rather than a document's internal pagination unless otherwise noted.

court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## III.   DISCUSSION

USPS is an independent federal agency under the executive branch of the U.S. government. *See* 39 U.S.C. § 201. It may be sued under the FTCA for all tort claims arising out of USPS activities. *See id.* § 409(c). The FTCA waives sovereign immunity for, and gives federal courts exclusive jurisdiction to hear, civil tort actions against the United States and federal agencies. *See* 28 U.S.C. § 1346(b)(1). Determinations regarding the waiver of sovereign immunity under the FTCA must be strictly construed "in favor of the sovereign." *Dolan v. USPS*, 546 U.S. 481, 491 (2006) (internal citation and quotation marks omitted). In addition, there are thirteen categories of exemptions to FTCA liability, including the postal matter exemption and the intentional torts exemption. *See* 28 U.S.C. § 2680(a–n). Here, Defendants argue that Plaintiff's complaint must be dismissed because several claims fall under these two exemptions, and the rest are barred under the FTCA for various other reasons. *See* Mot. at 6–11.

Defendants also argue that as a threshold matter, Plaintiff's case must be dismissed for failure to exhaust administrative remedies. Mot. at 6. Before filing a complaint asserting claims under the FTCA, a plaintiff must exhaust administrative remedies by first submitting an administrative claim with the relevant federal agency. *See* 28 U.S.C. § 2675(a). The claim must include a sum certain of damages and provide "sufficient written notice to commence investigation." *See Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982); *see also* 28 C.F.R. § 14.2. The claim submitted may be "skeletal," but it still must meet these requirements. *See Avery*, 680 F.2d at 609. Administrative exhaustion is then satisfied when the federal agency either denies

3

the claim or does not act upon it for six months. 28 U.S.C. § 2675(a). Defendants assert that Plaintiff has failed to sufficiently plead that he met the exhaustion requirement for his claims, and that "the record supports the opposite conclusion." *See* Mot. at 6.

The Court finds that the complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff fails to sufficiently allege exhaustion. Plaintiff argues that exhaustion is "a factual issue not properly resolved at the pleading stage." Dkt. No. 24 ("Opp.") at 4. The Court disagrees. For one thing, Plaintiff supports this assertion by citing a district court case that does not appear to exist.[3] Moreover, it is clear that under Ninth Circuit precedent, the administrative exhaustion requirement is jurisdictional and may be resolved at the pleading stage, even if factual issues are disputed. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (holding that "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself," unless the factual disputes are intertwined with the merits of the plaintiff's claims).

A defendant may challenge a plaintiff's jurisdictional allegations in two ways. *See Leite*, 749 F.3d at 1121. When a defendant raises a "facial" attack on the pleadings, the court applies the 12(b)(6) standard to determine whether the plaintiff's allegations are sufficient to invoke jurisdiction. *See Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction"). A defendant may also assert a "factual" attack to contest the truth of a plaintiff's jurisdictional allegations by introducing

---

[3] *See* Opp. at 4 (citing *LaBarge v. Mariposa Cnty*, 2020 WL 3971612 (E.D. Cal. July 14, 2020)). The Court has serious concerns that several of Plaintiff's authorities are miscited or misquoted. This does not appear to be an isolated clerical mistake, as the Court independently found several other wholly inaccurate or nonexistent citations throughout Plaintiff's opposition. For examples, see Attachment A to this Order. The Court therefore **ORDERS** Plaintiff's counsel to **SHOW CAUSE** why he should not be sanctioned for including inaccurate citations in Plaintiff's opposition brief. Counsel shall also indicate whether he used generative artificial intelligence to draft the opposition brief in whole or in part. Counsel shall file a declaration of five pages or less by July 7, 2025.

4

1    evidence outside the pleadings. *See id.* In response, "the plaintiff [then] bears the burden of

2    proving by a preponderance of the evidence that each of the requirements for subject matter

3    jurisdiction have been met." *Id.* (internal citation and quotation marks omitted).

4        Here, Defendants challenge Plaintiff's complaint on both grounds. First, Defendants argue

5    that the complaint does not sufficiently allege that Plaintiff met the exhaustion requirement. *See*

6    Mot. at 6. The Court agrees. In the complaint, Plaintiff does not actually allege that he filed an

7    administrative claim with USPS himself, but rather that his girlfriend "called the post office to file

8    a formal complaint" at some point before the June 20 altercation, and "explained that [the] mail

9    was not being delivered consistently." *See* Compl. ¶ 12. This allegation cannot plausibly allege

10   exhaustion for several reasons. First, the complaint fails to plead that Plaintiff's girlfriend had any

11   authority to file a claim on his behalf. *See Bailey v. United States*, 642 F.2d 344, 346 (9th Cir.

12   1981) (service of the administrative claim must be completed by the claimant, his legal

13   representative, or a duly authorized agent); *see also* 28 C.F.R. § 14.2. In addition, Plaintiff fails to

14   allege that any written claim was filed (let alone one that included a sum certain of damages). *See*

15   28 U.S.C. § 2675(a); *Avery*, 680 F.2d at 610. Finally, Plaintiff does not allege that he or anyone

16   else filed a claim with USPS after the June 20 altercation. Given these deficiencies, the complaint

17   does not include any facts plausibly alleging that Plaintiff exhausted administrative remedies as to

18   his claims based on the June 20 altercation, or claims based on conduct that purportedly occurred

19   before that date.[4]

20       Second, Defendants bring a factual attack contesting the truth of Plaintiff's allegation that

21   he exhausted administrative requirements. They submit the declaration of Kimberly A. Herbst, a

22   manager at the USPS National Tort Center, stating that USPS "has no record of any administrative

23   tort claim filed by Plaintiff." *See* Dkt. No. 7 ("Herbst Decl.") ¶¶ 4–6. Herbst's declaration

24   describes that she conducted a thorough search of all USPS administrative tort claim records and

---

[4] In his opposition, Plaintiff asserts that after the June 20 altercation, he submitted a written administrative claim to USPS with "a demand for damages in a sum certain amount." *See* Opp. at 3–4. However, Plaintiff may not use his opposition to amend the complaint. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

found no evidence that USPS received any claim filed by Plaintiff at the local or national level. *See id*. ¶¶ 4–6. In response, as mentioned above, Plaintiff asserts in his opposition that after the June 20 altercation, he submitted a written administrative claim to USPS with "a demand for damages in a sum certain amount." *See* Opp. at 3–4. However, Plaintiff submits no evidence to support this attorney argument. As such, while Defendants present persuasive evidence to challenge Plaintiff's exhaustion allegations, Plaintiff has entirely failed to meet his burden to offer "competent proof" that he met the exhaustion requirement. *See Leite*, 749 F.3d at 1122 ("When the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context.") (internal citation and quotations omitted).[5]

Accordingly, the Court finds that Plaintiff has not sufficiently alleged or shown that he exhausted administrative remedies as required to bring his claims under the FTCA. As such, the complaint is **DISMISSED** for lack of subject matter jurisdiction. The Court need not address Defendants' other arguments for dismissal.

The Court cannot say at this stage that amendment necessarily would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted). Accordingly, the Court will allow Plaintiff an opportunity to amend his complaint, if counsel can do so consistent with his duty under Federal Rule of Civil Procedure 11 to ensure that all pleadings and filings are grounded in fact and have a colorable basis in law. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

---

[5] The Court also notes that even if Plaintiff had submitted any evidence, the allegation that he submitted an administrative claim to USPS may not be sufficient to rebut Defendants' evidence showing that USPS did not receive a claim. The Ninth Circuit has held that a plaintiff's evidence that he *submitted* an administrative claim was not sufficient to overcome the agency's showing that it did not receive the claim. Instead, the plaintiff was required to prove by a preponderance of the evidence that USPS actually *received* it. *See Vacek v. USPS*, 447 F.3d 1248, 1252 (9th Cir. 2006); *see also* 28 C.F.R. § 14.2 (a claimant has sufficiently presented a claim for the purposes of meeting the administrative exhaustive requirement only when the federal agency "receives . . . written notification of an incident"); *Bailey*, 642 F.2d at 346–47 (holding that the mailbox rule does not apply to FTCA claims).

**IV. CONCLUSION**

Defendants' motion to dismiss, Dkt. No. 6, is **GRANTED** with leave to amend. Any amended complaint must be filed within twenty-eight (28) days from the date of this order. If an amended complaint is not filed by the deadline, the complaint may be dismissed without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

**Attachment A**

The following are examples of nonexistent and/or inaccurate citations that the Court identified in Plaintiff's opposition brief:

- Plaintiff cites "*G.C. v. United States*, 929 F.3d 1113, 1119 (9th Cir. 2019)" when discussing the requirements for properly presenting an administrative claim under the FTCA. *See* Opp. at 3. This citation is for an unrelated Ninth Circuit case, entitled *Menendez-Gonzalez v. Barr*, 929 F.3d 1113 (9th Cir. 2019).

- Plaintiff also cites "*Kadish v. United States*, 2019 WL 1017535, at *4 (C.D. Cal. Jan. 30, 2019)" when discussing FTCA exhaustion requirements. *See* Opp. at 3. But this Westlaw citation is for an unrelated District of New Mexico case, entitled *Casias v. Dep't of Corr.*, 2019 WL 1017535 (D.N.M. Mar. 4, 2019).

- Plaintiff cites "*Brady v. United States*, 211 F. Supp. 3d 1156, 1162 (D. Colo. 2016)", indicating that "even if a Defendant disputes whether Plaintiff's claim met every formal requirement, the proper remedy would be a stay to permit exhaustion—not dismissal." *See* Opp. at 4. However, this case citation does not exist. Moreover, *Brady v. United States* is a Ninth Circuit case where the court affirmed the district court's dismissal of a plaintiff's complaint for failure to meet FTCA exhaustion requirements. *See* 211 F.3d 499, 503 (9th Cir. 2000).

- Plaintiff cites "*Wheeler v. United States*, 228 F.R.D. 474, 480 (D. Colo. 2005)" to argue that courts have found that the administrative exhaustion requirement can be satisfied even when the sum certain was "imperfectly stated" in the administrative claim. *See* Opp. at 4. This citation also does not appear to exist.

//
//

- Plaintiff cites "*Xiaoxing Xi v. United States*, 60 F.4th 404, 416 (9th Cir. 2023)", but neither the case name nor the rest of the citation belong to any real case.  *See* Opp. at 7.