UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JURGEN ROGERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POSTAL OFFICE, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-09519-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND TERMINATING AS MOOT MOTION FOR CONTINUED STAY**<br><br>Re: Dkt. Nos. 35, 43 |

Before the Court is Defendants' motion to dismiss. Dkt. No. 35 ("Mot."); Dkt. No. 39 ("Opp.").[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion and **TERMINATES AS MOOT** Defendants' motion for continued stay, Dkt. No. 43.

I.    **BACKGROUND**

Plaintiff Jurgen Rogers initially filed this case in September 2024 against Defendants United States Postal Service ("USPS") and Louis DeJoy, former Postmaster General of the United States, asserting various claims under the Federal Tort Claims Act (FTCA). *See generally* Dkt. No. 1-1. The Court dismissed the case in July 2025 because of Plaintiff's failure to sufficiently allege administrative exhaustion. *See* Dkt. No. 27 at 6. Plaintiff filed an amended complaint, Dkt. No. 30 ("FAC"), and Defendants filed another motion to dismiss, Dkt. No. 35.[2]

---

[1] Due to the government shutdown, Defendants have not yet filed a reply. However, the Court does not need additional briefing from the Defendants to grant their motion.

[2] As instructed, *see* Dkt. No. 27 at 1 n.1, Plaintiff has included the United States as a named Defendant in his amended complaint. However, he has still included Louis DeJoy and USPS as named Defendants, despite previously agreeing that the United States is "the sole proper party." *See* Dkt. No. 24 at 5–6.

Plaintiff alleges that over an unspecified period of time, his mailman "deliberately and systematically" refused to properly deliver his mail and harassed him using "defamatory and derogatory language." FAC ¶ 11. Plaintiff also alleges that on or about June 20, 2023, an altercation occurred between himself and the mailman. *Id*. ¶ 13. According to Plaintiff, he approached the mailman, and while recording a video of the conversation, Plaintiff asked for his mail, then accused the mailman of not "delivering the mail every day." *Id*. Plaintiff alleges that in response, the mailman refused to deliver his mail, then walked back to his truck while calling Plaintiff several profane names. *Id*. Plaintiff alleges that he then approached the mailman, who was now sitting in his mail truck, and that the mailman attempted to slam the truck door shut on Plaintiff. *Id*. ¶¶ 14–15. After Plaintiff reached out to prevent the truck door from closing, the mailman allegedly threatened and mocked Plaintiff before he drove away with Plaintiff's mail. *Id*. Plaintiff filed a police report after the incident. *Id*. ¶ 16. Plaintiff brings causes of action under the FTCA for intentional and negligent infliction of emotional distress, harassment, assault, trespass to chattels, violations of 18 U.S.C § 1701 (Obstruction of mails) and § 1703 (Delay or destruction of mail or newspapers), and violation of California Civil Code § 52.1 (Tom Bane Civil Rights Act). *See* FAC ¶¶ 23–97.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## III. DISCUSSION

Defendants argue that Plaintiff again fails to sufficiently allege that he has exhausted

2

administrative remedies.  Mot. at 5–6.  Before filing a complaint asserting claims under the FTCA, a plaintiff must exhaust administrative remedies by first submitting an administrative claim with the relevant federal agency.  *See* 28 U.S.C. § 2675(a).  The claim must include a sum certain of damages and provide "sufficient written notice to commence investigation."  *See Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982); *see also* 28 C.F.R. § 14.2.  The claim submitted may be "skeletal," but it still must meet these requirements.  *See Avery*, 680 F.2d at 610.  Administrative exhaustion is then satisfied when the federal agency either denies the claim or does not act upon it for six months.  28 U.S.C. § 2675(a).  Failure to follow these procedures is a jurisdictional defect.  *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).  A defendant may challenge a plaintiff's jurisdictional allegations through a "facial" attack on the pleadings—under which the court applies the 12(b)(6) standards—or a "factual" attack through evidence introduced from outside the pleadings.  *Leite v. Crane Co.*, 749 F.3d 1117. 1121 (9th Cir. 2014).

The Court previously dismissed Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff failed to sufficiently allege exhaustion.  Dkt. No. 27 at 4.  In the original complaint, Plaintiff's sole allegation was that his girlfriend had called the post office to file a formal complaint at some point before the June 20 altercation and explained that the mail was not being consistently delivered.  *Id.* at 5 (citing Dkt. No. 1-1 ¶ 12).  As the Court explained, Plaintiff did not sufficiently plead that Plaintiff's girlfriend had any authority to file a claim on his behalf.  *Id.*; *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981) (service of the administrative claim must be completed by the claimant, his legal representative, or a duly authorized agent); *see also* 28 C.F.R. § 14.2.  In addition, "Plaintiff did not allege that any written claim was filed (let alone one that included a sum certain of damages)."  Dkt. No. 27 at 5 (citing 28 U.S.C. § 2675(a) and *Avery*, 680 F.2d at 610).  Finally, Plaintiff did not allege that he or anyone else filed a claim with USPS after the June 20 altercation.  Dkt. No. 27 at 5.  The Court explained that, "[g]iven these deficiencies, the complaint does not include any facts plausibly alleging that Plaintiff exhausted administrative remedies as to his claims based on the June 20 altercation, or claims based on conduct that purportedly occurred before that date."  *Id.*

Plaintiff has not fixed this defect.  Plaintiff adds only one new allegation relevant to

exhaustion:

> "Plaintiff's girlfriend contacted USPS regarding the mailman's continued harassment, discrimination and racial slurs toward the Plaintiff and his girlfriend. Defendants accepted Plaintiff's girlfriend's complaint as they sent a letter to the Plaintiff's address regarding the report provided by Plaintiff's girlfriend in addition to the Marin County Police Department's police report regarding the incident involving the USPS mailman and the threats, racial slurs and altercation he had with Plaintiff and Plaintiff's girlfriend."

FAC ¶ 20.  This claim plausibly alleges that Plaintiff's girlfriend contacted USPS after the June 20 alteration, but it still fails to allege that Plaintiff's girlfriend had authority to make this claim on his behalf or that Plaintiff or his girlfriend filed a written claim including a sum certain of damages sufficient to satisfy 28 U.S.C. § 2675(a).  Even if this were a sufficiently authorized written claim, Plaintiff does not allege that the agency denied the claim or failed to act for six months.  *See Jerves*, 966 F.2d at 519.  Plaintiff does not dispute that he has failed to allege these details and instead argues that "USPS acknowledged the complaint in writing," which demonstrates it "was on notice of the incident."  Opp. at 4.  But these administrative claim requirements "are jurisdictional in nature, and thus must be strictly adhered to."  *Jerves*, 966 F.2d at 519; *see also Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002) (noting a liberal notice requirement, but still requiring a filed statement that includes the general nature of the injury and the amount of compensation demanded).[3]

Accordingly, the Court finds that Plaintiff has not sufficiently alleged that he exhausted administrative remedies as required to bring his claims under the FTCA.  At this point, Plaintiff has had ample opportunity to amend the complaint and has failed to establish that the Court has subject matter jurisdiction.  The Court therefore **DISMISSES** the case against Defendants without

---

[3] Defendants also reiterate their factual attack against the Court's jurisdiction, as presented through a declaration from Kimberly A. Herbst, a manager at the USPS National Tort Center, stating that USPS "has no record of any administrative tort claim filed by Plaintiff."  *See* Dkt. No. 7 ("Herbst Decl.") ¶¶ 4–6; Mot. at 6.  Since Plaintiff's exhaustion argument hinges on the claim that his girlfriend filed a complaint—not that he filed one—this may not be fatal.  But Plaintiff's allegations are clearly defective on the face of the pleadings, and the Court need not decide this issue.

leave to amend.[4]  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (quotation omitted).  The Clerk is directed to enter judgment in favor of Defendants and to close the case.

## IV. CONCLUSION

Defendants' motion to dismiss, Dkt. No. 35, is **GRANTED** without leave to amend. Defendants' motion for continued stay, Dkt. No. 43, is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

Dated: 11/10/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The Court does not address Defendants' other arguments for dismissal.